**SABRE FARMS, INC., Plaintiff,**

v.

**Allan BERGENDAHL and Sidney Craig, Defendants.**

**Civ. No. 82–498–FR.**

United States District Court, D. Oregon.

March 9, 1984.

See also 103 F.R.D. 8.

Donald H. Mullins, Richard C. Tallman, Schweppe, Krug, Tausend & Beezer, P.S., Seattle, Wash., John S. Ransom, Diane L. Alessi, Ransom, Blackman & Simson, Portland, Or., for plaintiff.

John E. Frohnmayer, Tonkin, Torp, Galen, Marmaduke & Booth, Portland, Or., for defendant Allan Bergendahl.

## ORDER

FRYE, District Judge:

This action is before the court on defendant Allan Bergendahl's motion for judgment on the pleadings. Bergendahl alleges that plaintiff Sabre Farms, Inc. (Sabre Farms) lacks standing to bring this action.

Sabre Farms is a Montana corporation formed in 1973 to develop certain desert land in Eastern Oregon into productive farm land with irrigation water supplied from the Columbia River. Pursuant to Sabre Farms' plan, the desert farm land was irrigated; various crops were grown; and the operation appeared successful.

In early 1980, Sabre Farms began negotiations with "Sunriver-B.C. Joint Venture," a joint venture composed of Sunriver Farms, Inc., an Oregon corporation; and defendants Allan Bergendahl and Sidney Craig, both citizens of California. On March 1, 1980, Bergendahl, Craig, and the president of Sunriver Farms signed a document entitled Memorandum of Intent concerning the purchase of the desert farm land developed and operated by Sabre Farms. Sabre Farms alleges in this proceeding that in September, 1980, a default occurred under the terms of the Memorandum of Intent because no member of "Sunriver-B.C. Joint Venture" made payments as required by the Memorandum.

Sabre Farms is currently the debtor in a Chapter 11 proceeding for reorganization filed in the United States Bankruptcy Court for the District of Oregon. Plaintiff's Plan of Reorganization lists an action for breach of contract, misrepresentation, and fraud brought against defendants Allan Bergendahl and Sidney Craig. The bankruptcy court approved the Plan of Reorganization on October 14, 1982.

A bankruptcy court order dated April 14, 1982, authorized the employment of counsel "to pursue on behalf of the debtor herein [Sabre Farms] a claim against the guarantors of the debt owing to the debtor by Sun River Farms, Inc." (Defendant Bergendahl's Exhibit A, filed in support of Motion for Judgment on the Pleadings). Defendant Bergendahl claims that he is not, and never has been, a guarantor of a debt of Sunriver Farms, Inc. On this basis, Bergendahl argues that plaintiff lacks standing to bring this action and that this court has no subject matter jurisdiction.

The court need not address Bergendahl's argument, because Sabre Farms has independent authority on which to proceed in this court. The Plan of Reorganization identifies Sabre Farms as the debtor-in-possession. 11 U.S.C. § 1107 establishes that a debtor-in-possession has the rights, powers, and duties of a trustee in bankruptcy. *Verco Industries v. Spartan Plastics*, 704 F.2d 1134, 1137 (9th Cir.1983). The debtor-in-possession acquires all the debtor's legal rights and remedies under 11 U.S.C. § 541(a)(1). *Id. See also* Bankruptcy Rule 6009 ("With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by

or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal") and 4 L. King *Collier on Bankruptcy* ¶ 541.–10[5] (15th ed. 1979). The court has concluded that Sabre Farms has standing to proceed with this action and that this court has subject matter jurisdiction.

IT IS HEREBY ORDERED that defendant Bergendahl's motion for judgment on the pleadings is DENIED.